**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| Lloyd Hardiman, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.   10 C 5328 |
| | ) | |
| GC Services Limited Partnership, a | ) | |
| Delaware limited partnership, | ) | |
| Financial Recovery Services, Inc., a | ) | |
| Minnesota corporation, LVNV Funding, | ) | |
| LLC, a Delaware limited liability | ) | |
| Company and Resurgent Capital | ) | |
| Services, L.P., a Delaware limited | ) | |
| partnership, | ) | |
| | ) | |
| Defendants. | ) | <u>Jury Demanded</u> |

**COMPLAINT**

Plaintiff, Lloyd Hardiman, brings this action under the Fair Debt Collection

Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendants' debt

collection actions violated the FDCPA, and to recover damages for Defendants'

violation of the FDCPA, and alleges:

**JURISDICTION AND VENUE**

1.     This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28

U.S.C. § 1331.

2.     Venue is proper in this District because: a) most of the acts and

transactions occurred here; and, b) Defendants reside and transact business here.

**PARTIES**

3.     Plaintiff, Lloyd Hardiman ("Hardiman"), is a citizen of the State of

Michigan, from whom Defendants attempted to collect a delinquent consumer debt

owed for a Citibank credit card, despite the fact that he was represented by the legal aid attorneys at the Chicago Legal Clinic's Legal Advocates for Seniors and People with Disabilities program ("LASPD"), located in Chicago, Illinois.

4.      Defendant, GC Services Limited Partnership ("GC Services"), is a Delaware limited partnership that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts.  GC Services operates a nationwide debt collection business, including through its offices located in Elgin, Illinois, and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois.  Moreover, GC Services was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Mr. Hardiman.

5.      Defendant, Financial Recovery Services, Inc. ("FRS"), is a Minnesota corporation that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts.  FRS collects delinquent debts from consumers in virtually every state, including consumers in the State of Illinois.

6.      Defendant, LVNV Funding, LLC ("LVNV"), is a Delaware limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts.  In fact, Defendant LVNV was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debt it attempted to collect from Plaintiff.

7.     Defendant LVNV is a bad debt buyer, that buys large portfolios of defaulted consumer debts for pennies on the dollar, which it then collects upon through other collection agencies.

8.     Defendant, Resurgent Capital Services, L.P. ("Resurgent"), is a Delaware limited partnership that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts.  In fact, Defendant Resurgent was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debt it attempted to collect from Plaintiff.

9.     Defendants Resurgent and LVNV are sister corporations.  Defendant LVNV is a bad debt buyer, and Defendant Resurgent manages the collections of the debts that LVNV buys.

10.     All of the Defendants are licensed to conduct business in the State of Illinois and maintain registered agents within the State of Illinois, see, records from the Illinois Secretary of State, attached as Group Exhibit A.  In fact, all of the Defendants conduct extensive and substantial business in Illinois.

11.     All of the Defendants are licensed as debt collection agencies in the State of Illinois, see, records from the Illinois Division of Professional Regulation, attached as Group Exhibit B.  In fact, all of the Defendants act as collection agencies in Illinois.

## FACTUAL ALLEGATIONS

12.     Mr. Hardiman is a disabled man, with limited assets and income, who fell behind on paying his bills, including a consumer debt he owed for a Citibank credit card. At some point in time after that debt became delinquent, it was bought by Defendant

3

LVNV, and when it began trying to collect this debt from Mr. Hardiman, he sought the assistance of the legal aid attorneys at the Chicago Legal Clinic's LASPD program, regarding his financial difficulties and Defendants' collection actions.

13.     Specifically, Defendants Resurgent and LVNV hired Defendant GC Services to demand payment from Mr. Hardiman of the Citibank debt.  Defendant GC Services sent Mr. Hardiman collection letters dated, November 30, 2009 and December 14, 2009, copies of which are attached as Exhibits C and D, respectively.  Both of Defendants' letters stated that "YOU OWE RESURGENT CAPITAL SERVICES LP", when, in fact, the debt was owed to LVNV.

14.     Accordingly, Mr. Hardiman's attorneys at LASPD informed Defendants Resurgent and LVNV, through their agent, GC Services, via a letter dated January 26, 2010, that Mr. Hardiman was represented by counsel, and directed Defendants to cease contacting him, and to cease all further collection activities because Mr. Hardiman was forced, by his financial circumstances, to refuse to pay his unsecured debt.  Copies of this letter and fax confirmation are attached as Exhibit E.

15.     Undeterred, Defendants Resurgent and LVNV then hired Defendant FRS to demand payment of the debt.  Defendants sent Mr. Hardiman a collection letter, dated May 24, 2010, which demanded payment of the Citibank debt.  A copy of this collection letter is attached as Exhibit F.

16.     Accordingly, on July 22, 2010, Mr. Hardiman's LASPD attorneys had to send Defendants Resurgent and LVNV a letter, through their agent FRS, directing them to cease communications and to cease collections.  Copies of this letter and fax confirmation are attached as Exhibit G.

4

17.     All of Defendants' collection actions complained of herein occurred within one year of the date of this Complaint.

18.     Defendants' collection communications are to be interpreted under the "unsophisticated consumer" standard.  See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

**COUNT I**
**Violation Of § 1692e Of The FDCPA --**
**Making A False Statement Of The Name Of Creditor**

19.     Plaintiff adopts and realleges ¶¶ 1-18.  This Count is brought against Defendants GC Services, LVNV and Resurgent.

20.     Section 1692e of the FDCPA prohibits a debt collector from using any false and/or any deceptive or misleading representation or means in connection with the collection of a debt.  See, 15 U.S.C. § 1692e.

21.     Defendants' violation of § 1692e of the FDCPA, includes, but is not limited to, falsely stating in its collection letters to Plaintiff (Exhibits C and D) that the debt was owed to Resurgent, when, in fact, the debt was owed to its sister company, LVNV.

22.     Defendants GC Services', LVNV's and Resurgent's violations of § 1692e of the FDCPA render them liable for statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

**COUNT II**
**Violation Of § 1692g(a)(2)**
**Failure To Effectively Identify The Current Creditor**

23.     Plaintiff adopts and realleges ¶¶ 1-18. This Count is brought against Defendants GC Services, LVNV and Resurgent.

24.     Section 1692g of the FDCPA requires that, within 5 days of Defendants'

first communication to a consumer, it must provide the consumer with an effective validation notice, containing, among other disclosures, "(2) the name of the creditor to whom the debt is owed;", see, 15 U.S.C. § 1692g(a)(2).

25.     Defendants GC Services', Resurgent's and LVNV's letters to Plaintiff (Exhibits C and D) failed to state the name of the current creditor because those letters stated that the debt was owed to Resurgent, when, in fact, the debt was owed to LVNV, and, thus, Defendants GC Services, Resurgent and LVNV have failed to identify the name of the creditor, in violation of § 1692g(2) of the FDCPA.

26.     Defendants GC Services', Resurgent's and LNVN's violations of § 1692g(a)(2) of the FDCPA render them liable for statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

**COUNT III**
**Violation Of § 1692c(c) Of The FDCPA --**
**Failure To Cease Communications And To Cease Collections**

27.     Plaintiff adopts and realleges ¶¶ 1-18.  This Count is brought against Defendants FRS, LVNV and Resurgent.

28.     Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay.  See, 15 U.S.C. § 1692c(c).

29.     Here, the letter from Mr. Hardiman's agent, LASPD, told Defendants to cease communications and to cease collections (Exhibit E).  By continuing to communicate regarding this debt and demanding payment, Defendants violated § 1692c(c) of the FDCPA.

30.     Defendants FRS, LVNV and Resurgent's violation of § 1692c(c) of the FDCPA renders them liable for statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

**COUNT II**
**Violation Of § 1692c(a)(2) Of The FDCPA --**
**Communicating With A Consumer Represented By Counsel**

31.     Plaintiff adopts and realleges ¶¶ 1-18.  This Count is brought against Defendants FRS, LVNV and Resurgent.

32.     Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address.  See, 15 U.S.C. § 1692c(a)(2).

33.     Defendants knew, or readily could have known, that Mr. Hardiman was represented by counsel in connection with his debts because his attorneys at LASPD had informed Defendants, in writing (Exhibit E), that Mr. Hardiman was represented by counsel, and had directed a cessation of communications with Mr. Hardiman.  By directly sending Mr. Hardiman collection letters, despite being advised that he was represented by counsel, Defendants violated § 1692c(a)(2) of the FDCPA.

34.     Defendants FRS, LVNV and Resurgent's violations of § 1692c(a)(2) of the FDCPA render them liable for statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C.  § 1692k.

**PRAYER FOR RELIEF**

Plaintiff, Lloyd Hardiman, prays that this Court:

1.     Find that Defendants' debt collection actions violated the FDCPA;

7

2.      Enter judgment in favor of Plaintiff Hardiman, and against Defendants, for

statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of

the FDCPA; and,

3.      Grant such further relief as deemed just.

**JURY DEMAND**

Plaintiff, Lloyd Hardiman, demands trial by jury.

Lloyd Hardiman,

By: /s/ David J. Philipps_____
One of Plaintiff's Attorneys

Dated:  August 24, 2010

David J. Philipps      (Ill. Bar No. 06196285)
Mary E. Philipps      (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com